UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TIMOTHY RAY RUGGLES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CAUSE NO. 3:07-CV-364 JM |
| vs. | ) | |
| | ) | |
| WILLIAM K. WILSON, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Timothy Ray Ruggles, a *pro se* prisoner, filed this habeas corpus petition

challenging his loss of 365 days good time credits and his demotion in credit class

imposed on November 8, 2006 by the Disciplinary Hearing Board (DHB)[1] at the

Westville Correctional Facility for attempted rioting in violation of A-111/103, in case

number WCC 06-10-0674. Ruggles raises four grounds in this petition. None of these

grounds provide a basis for habeas relief.

First, he argues that, "[m]y written statement I handed in at the time of the CAB

hearing was never copied or recorded as having been turned in at the time of hearing."

Petition at ¶ 12.A. Though *Wolff v. McDonnell*, 418 U.S. 539 (1974), the controlling

Supreme Court precedent in this area, requires that he be permitted to submit relevant

exculpatory evidence, it does not require that the DHB copy or record it. Furthermore,

> Due process requires that an inmate subject to disciplinary action is
> provided a written statement by the factfinders as to the evidence relied
> on and the reasons for the disciplinary actions. Written statements ensure

---

[1] Also known as Conduct Adjustment Board (CAB).

> both administrative accountability and meaningful review. The written statement requirement, however, is not onerous. The statement need only illuminate the evidentiary basis and reasoning behind the decision.

> We have repeatedly upheld the sufficiency of written statements that indicate only what evidence was relied on to make the decision, and why.

*Scruggs v. Jordan*, 485 F.3d. 934, 941 (7th Cir. 2007) (quotation marks and citations omitted). DHB hearings are not formal and they are not transcribed. Records of their proceedings are very limited. Due process does not require that every exhibit be marked and recorded the way they would in a trial court. In this instance, due process only required that Ruggles be permitted to submit relevant exculpatory evidence and receive a written statement of the evidentiary basis and reasoning behind the board's decision. Here, Ruggles submitted his statement and he does not allege that he did not receive a written statement of the DHB's findings.

> *Baxter v. Palmigiano*, 425 U.S. 308 (1976), warns the courts of appeals not to add to the procedures required by *Wolff*, which, *Baxter* held, represents a balance of interests that should not be further adjusted in favor of prisoners. Indiana has played by the rules articulated in *Wolff*.

*White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). Therefore this ground does not present a basis for habeas relief.

Second, Ruggles argues that, "[a]t the time of CAB hearing I also requested for a continuance by submitting a 3 page paper requesting for said evidence and witnesses." Petition at ¶ 12.B. Though *Wolff* requires that Ruggles be given advance written notice of the factual basis of the charges against him, it does not require that he be granted a continuance. Furthermore, although *Wolff* mandates that Ruggles be permitted to

submit relevant exculpatory evidence, that right is waived unless he requests the evidence and witnesses before the hearing.

> The law of this circuit does not entitle a prisoner to wait until the day of his hearing to request to call witnesses. *Miller v. Duckworth*, 963 F.2d 1002, 1004 n.2 (7th Cir. 1992). Due process requires that a prisoner be given a reasonable time (at least twenty-four hours) to plan his defense, [citing *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992)] which [the prisoner] was accorded.

*Sweeney v. Parke*, 113 F.3d 716, 720 n.5 (7th Cir. 1997). Because he waited until the hearing to request evidence and witnesses, this ground does not present a basis for habeas relief.

Third, Ruggles argues that, "[m]y appeal was not properly looked at nor were the facts clearly gone over; especially the time limits because it clearly was past 7 working days before my hearing was held or my first continuance." Petition at ¶ 12.C. *Wolff v. McDonnell* does establish several rights related to the disciplinary hearing itself, but *Wolff* does not provide for any procedural rights on appeal, nor even for a right to appeal. *See Wolff*, 418 U.S. at 566-571. Furthermore, the 7 day time limit Ruggles mentions is not a federal due process requirement; rather, it is only a prison rule.

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted). Because this court cannot grant habeas corpus based on a violation of a state law or prison policy, this ground does not present a basis for habeas relief.

Fourth, Ruggles argues that, "IA [Internal Affairs] obtained said knowledge from offenders I never knew nor ever talked to because they were on different dorms from me." Ruggles argues that he is no longer a member of an STG (security threat group, *e.g.* a gang), even though Internal Affairs believes him to be a high authority who was directing other members. It is not for this court to re-weigh the evidence nor independently assess witness credibility. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Due process does not limit who guards may interview when investigating events in prison. Furthermore, though *Superintendent, Mass. Corr. Inst. at Walpole v. Hill*, 472 U.S. 445, 455-56 (1985) requires some evidence to support the finding of guilt in a prison disciplinary proceeding, Ruggles does not argue that there was insufficient evidence to find him guilty. Therefore this ground does not present a basis for habeas relief.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that:

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Here, the petition does not present any basis for habeas corpus relief, therefore, under Rule 4, Ruggles' petition must be denied.

4

For the foregoing reasons, the habeas corpus petition is **DENIED**.

**SO ORDERED.**

**Enter:** August 10, 2007

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT